## WIDOW AND HEIRS OF DE LA HOUSSAYE *vs.* SAUNDERS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

A title to a tract of land, supported by a Spanish order of survey, made in 1794, actual survey by the surveyor general in 1798, and confirmation by United States land commissioners in 1811, will not prevail over a title founded on a prior order of survey, granted in 1781, and confirmed by the commissioner's certificate in 1812, accompanied by possession.

Titles to land, emanating from the Spanish government, not carried out into grant, are deemed incomplete and inchoate, and the certificate of the United States land commissioners, leaves conflicting titles acquired under the former government, precisely as they were, to be tested and settled by principles of equity rather than of positive legislation.

When an older order of survey is vague and indefinite as to locality, a younger title, perfected so far as to designate the plans of the grant and permission to settle by actual survey should prevail.

The plaintiffs claim one thousand six hundred superficial arpens of land on the bayou Teche, which is in possession and also claimed by the defendant. From the testimony, there is no dispute about the *locus in quo;* the superiority of title alone forms the issue between the parties.

Western Dis.
Sept. 1832.

WIDOW AND
HEIRS OF DE LA
HOUSSAYE
vs.
SAUNDERS.

The plaintiffs claim title under a *requête* and order of survey granted to their ancestor by the Spanish governor, in November, 1794, and a plat and certificate of a survey of the land, made at the instance of P. De la Houssaye, the grantee, by Carlos Trudeau; and also by the land commissioner's certificate of confirmation, dated 30th May, 1811. Possession under this title was attempted to be proved by parole, but failed.

The defendant set up the following chain of title: 1. *Requête* and order of survey, granted to Eliza P. Cunez, in September, 1780; a certificate of the commandant of Attakapas, of the same date; and order of survey, by governor Galvez, dated 20th June, 1781. 2. A conveyance from Eliza P. Cuney and Cesar Archinard, her husband, to Nicholas Gréenard, in August, 1786; and from Joseph Latiolais to defendant, in September, 1808, ratified by widow Gréenard. 3. Certificate of confirmation of the land commissioners, to the heirs and legal representatives of Nicholas Gréenard, dated February first, 1812, founded on the order of survey in favor of Madame Cuney, for thirty arpens with depth of forty, on each side of the bayou Teche, and ten arpens in the island of Tocané, and bearing date 20th June, 1781. This title covered the *locus in quo*, and was accompanied by possession in the different proprietors up to the present defendant.

There were two verdicts, and judgement on the last for the defendant. The plaintiff appealed.

On the trial, several bills of exceptions were taken to the introduction of testimony, both written and parole, and to the manner of proceeding, which were abandoned in the argument in this court. The question turned on the superiority of title.

Mathews, J., delivered the opinion of the court.

In this case, the plaintiffs state themselves to be the owners of a certain tract of land, situated in the parish of St.

Mary, on both sides of the bayou Teche, containing one thousand six hundred arpens, superficial; that the defendant took possession of said land in violation of their rights, &c. He, in his answer, sets up title to part of the land claimed by the plaintiffs.

WESTERN DIS.
*Sept.* 1832.

WIDOW AND
HEIRS OF DE LA
HOUSSAYE
*vs.*
SAUNDERS.

The cause was submitted to a jury in the court below, who found a verdict for the defendant, and judgement being thereon rendered, the plaintiffs appealed.

The case, as it stands before the court, presents only a question relating to the validity and superiority of the titles offered in support of the respective claims and pretensions of the parties; the *locus in quo* being established by the testimony.

The plaintiffs title is supported by an order of survey, issued under the Spanish government in 1794, in favor of their ancestor; and a plat of survey as having been made by Carlos Trudeau, surveyor general of the province in 1798, and a confirmation of this title by the commissioners of the land office, bearing date on the 30th May, 1811. The defendant's title is derived by regular mesne conveyances from Eliza P. Cunez, who obtained an order of survey from governor Galvez, dated on the 20th of June, 1781; he also claims title under the prescription of ten years. The plea of prescription, is, however, not supported by the testimony.

*A title to a tract of land, supported by a Spanish order of survey, made in 1794, actual survey by the surveyor general in 1798, and confirmation by the United States land commissioners in 1811, will not prevail over a title founded on a prior order of survey, granted in 1781, and confirmed by the commissioner's certificate in 1812, accompanied by possession.*

The title under which the defendant claims, was also confirmed by the commissioners of the United States, by a certificate dated on the first day of February, 1812. From this statement, it is readily perceived that the original titles under which both parties claim the premises in dispute, are and were incomplete; no grant having been made in form by the authorities of the Spanish government.

Confirmations from the United States, as successors to the rights of Spain on the public domain, leave the titles to property acquired by individuals from the former government, precisely as they were, or would have been under that power, in contest between claimants. Neither of the parties in the present case having obtained a formal cession of the land in

*Titles to land emanating from the Spanish government, not carried out into grant, are deemed incomplete and inchoate, and*

WIDOW AND
HEIRS OF DE LA
HOUSSAYE
*vs.*
SAUNDERS.

*the certificate of the United States land commissioners leaves conflicting titles acquired under the former government, precisely as they were, to be tested and settled by principles of equity, rather than of positive legislation.*

*Where an older order of survey is vague and definite as to locality, a younger title perfected so far as to designate the plan of the grant, and permission to settle by actual survey, should prevail.*

dispute, their claims must be tested rather by principles of equity, than those which arise out of positive legislation.

We find the defendant in possession, under an order of survey, older by many years than that which constitutes the incipiency of the plaintiff's title. It is true that their ancestor proceeded a step further, necessary to the completion of his title, than had been done by the grantee under whom the defendant claims; Delahoussaye having caused his land to be surveyed by the proper officer of the Spanish government; and had he taken actual possession under this survey, it is probable that his title ought to be considered as being preferable to that, by virtue of which, the defendant claims, notwithstanding the latter is older in date; or when an older order of survey and permission to settle is vague and indefinite as to locality, a younger title perfected, so far as to designate the plan of the grant and permission to settle by actual survey, should prevail. But the mere act of the surveyor in laying off a tract of land, at the request of the claimant, should not be allowed to infringe the rights of another person already acquired; such officer being merely ministerial, and without power to grant or concede any part of the public domain, his simple act of surveying, gives no additional strength to a title acquired from the sovereign, when not followed by a grant in form. In the present case, an attempt was made on the part of the plaintiffs, to prove an actual settlement on the disputed premises, by authority of their ancestor; the testimony relative to this fact, is contradictory, and from the verdict of the jury, it may fairly be inferred, that they negatived its existence.

The petition presented by Mrs. Cuney to governor Galvez, and his order on it, were made in terms to give certainty to the place where she wished to obtain the grant of land in the island, called Tocane, by the reference to Boutte's line. We have, therefore, a case presented for decision, in which the titles offered by the respective parties, are of equal dignity; but that under which the defendant claims, is older in date, and he in actual possession. If the principles assumed are

correct, the judgement of the court below, ought not to be <span style="float:right">WESTERN DIS.<br>*Sept.* 1832.</span> disturbed.

The decision in the case of Gonsolins *vs.* Brashear, in no manner conflicts with these principles. It is true that the youngest title prevailed, but it was supported by possession; in the present case, effect is given to the oldest title, accompanied with possession.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Simon,* for plaintiffs.

*Brownson,* for the defendant.